UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

Plaintiff,

Civil Case No.
Honorable

vs.

Real Property located at 23264 Golf
Run Lane, Macomb, Michigan 48042;
Real Property located at 474 Calvin,
Grosse Pointe Farms, Michigan 48236;
$155,000.00 U.S. Currency;
$64,980.00 U.S. Currency;
$2,473.00 U.S. Currency;
$754,693.81 from Comerica Bank,
Checking Acct. #XXXXXX6125;
Assorted Jewelry, Value: $100,505.00;
Assorted Jewelry, Value: $7,600.00;
Assorted Electronic Equipment,
Value: $1,733.96;
Glock 20 10mm Pistol, Magazines and
Firearm Accessories;
Glock 22 .40 Caliber Pistol, Magazines,
and Firearm Accessories;
Century Arms C39V2 7.62x39mm Pistol,
Magazine and Firearm Accessories;
Twenty (20) Rounds of 7.62x39mm Rifleline
Ammunition;
Glock .40 Caliber Magazine and
Ammunition;

Defendants *in rem.*

---

## COMPLAINT FOR FORFEITURE

---

NOW COMES Plaintiff, the United States of America, by and through Dawn N. Ison, United States Attorney for the Eastern District of Michigan, and Gjon Juncaj, Assistant United States Attorney, and states upon information and belief in support of this Complaint for Forfeiture *in rem* that:

## JURISDICTION AND VENUE

1.     This is an *in rem* civil forfeiture action pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(A).

2.     The Court has original jurisdiction over this proceeding pursuant to 28 U.S.C. § 1345 as this action is being commenced by the United States of America as Plaintiff.

3.     This Court has *in rem* jurisdiction and venue over this forfeiture action, pursuant to 28 U.S.C. § 1355(b)(1)(A), as the acts giving rise to the forfeiture occurred in the Eastern District of Michigan.

4.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in the Eastern District of Michigan.

5.     Venue is also proper before this Court pursuant to 28

2

U.S.C. § 1395(b), as the Defendants *in rem* are either located in the

Eastern District of Michigan or were found and seized in the Eastern

District of Michigan.

## DEFENDANTS *IN REM*

6.  The Defendants *in rem* in this action are:

   a.  Real Property located at 23264 Golf Run Lane, Macomb, Michigan 48042, and being more fully described as:

   Lot 10, Golfview Estates Subdivision, according to the recorded plat thereof, as recorded in Liber 160 of Plats, Pages 82 through 85, Macomb County Records.

   Commonly Known As: 23264 Golf Run Lane, Macomb, MI 48042

   Tax Parcel No.: 08-25-301-019

   TITLED TO: Shanna Norwood, a married woman

   b.  Real Property located at 474 Calvin, Grosse Pointe Farms, Michigan 48236, and being more fully described as:

   Lot 11, "CALVIN PARK SUBDIVISION, as recorded in Liber 53, Page 34, of Plats, Wayne County Records.

   Commonly Known As: 474 Calvin, Grosse Pointe Farms, MI 48236

   Parcel ID: 38-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-000

   TITLED TO: Marcus A. Norwood, a single man

   c.  $155,000.00 U.S. Currency;

3

d.   $64,980.00 U.S. Currency;

e.   $2,473.00 U.S. Currency;

f.   $754,693.81 from Comerica Bank, Checking Acct. #XXXXXX6125;

g.   Assorted Jewelry, Value: $100,505.00;

h.   Assorted Jewelry, Value: $7,600.00;

i.   Assorted Electronic Equipment, Value: $1,733.96, including:
   - Apple A1701 iPad Pro
   - Alcatel Cricket Flip Phone
   - LG Cricket Flip Phone
   - LG Flip Phone
   - 5 Samsung SM-975U
   - Smart Phone 6 Samsung SM-975U
   - Smart Phone 7
   - Apple Mac Book Pro Laptop
   - 8 LG Cricket Flip Phone;

j.   Glock 20 10mm Pistol, Magazines and Firearm Accessories;

k.   Glock 22 .40 Caliber Pistol, Magazines, and Firearm Accessories;

l.   Century Arms C39V2 7.62x39mm Pistol, Magazine and Firearm Accessories;

m.   Twenty (20) Rounds of 7.62x39mm Rifleline Ammunition; and

n.   Glock .40 Caliber Magazine and Ammunition.

The defendants *in rem* that do not consist of real property are in the custody of law enforcement agencies of the United States.

7.      Title 18, United States Codes, Section 1956(a)(1)(B) prohibits knowingly conducting a financial transaction involving the proceeds of "specified unlawful activity," knowing that the transaction is designed in whole or in part to: conceal or disguise the nature, the location, the source, the ownership, or the control of such proceeds; or, avoid a transaction reporting requirement.

8.      Under Title 18, United States Code, Sections 1956(c)(7)(D), 1961(1)(B) and (D), "specified unlawful activity" includes violations of the controlled substances and money laundering laws of the United States.

9.      Title 18, United States Code, Section 1957 prohibits knowingly engaging, or attempting to engage, in a monetary transaction with proceeds of a specified unlawful activity in an amount greater than $10,000 by, though, or to a financial institution.

10.     Title 21, United States Code, Section 841(a)(1) and 846 prohibits the distribution and possession with intent to distribute controlled substances, and any attempt or conspiracy to do the same.

## STATUTORY BASIS FOR CIVIL FORFEITURE

11.    Title 21, United States Code, Section 881, governs the civil

forfeiture of property which constitutes or is derived from the proceeds

of narcotics crimes, or which was used to facilitate narcotics crimes:

> The following shall be subject to forfeiture to the United
> States and no property right shall exist in them. . . .[a]ll
> monies, negotiable instruments, securities, or other things
> of value furnished or intended to be furnished by any
> person in exchange for a controlled substance or listed
> chemical in violation of this subchapter, all proceeds
> traceable to such an exchange, and all monies, negotiable
> instruments, and securities used or intended to be used to
> facilitate any violation of this subchapter.

21 U.S.C. § 881(a)(6).

12.    Title 18, United States Code, Section 981(a)(1)(A) provides

for the forfeiture of "Any property, real or personal, involved in a

transaction or attempted transaction in violation of section 1956, 1957

or 1960 of this title, or any property traceable to such property."

## FACTUAL BASIS FOR CIVIL FORFEITURE

13.    The Defendants *in rem* are forfeitable to the United States

of America under 21 U.S.C. § 881(a)(6) and/or 18 U.S.C. § 981(a)(1)(A),

as property which was furnished, or was intended to be furnished, in

exchange for a controlled substance; as proceeds traceable to such an

exchange; and/or as monies or things of value which were used or were

intended to be used to facilitate a violation of Title 21 of the United

States Code and are, therefore, subject to seizure and civil forfeiture;

and/or as property involved in a money laundering transactions, or

attempted money laundering transactions, in violation of 18 U.S.C. §§

1956(a) and 1957.

14.    The facts supporting the forfeiture of the Defendants *in*

*rem* include, but are not limited to, the following:

15.    In January 2020, Marcus Norwood, was arrested by Detroit

Police Department officers for carrying a concealed firearm with an

expired license. When being booked by police at the Detroit Detention

Center, officers found a brown paper bag in Norwood's groin area

containing approximately 130 grams of cocaine, packaged into several

knotted plastic sandwich bags, which is consistent with the intent to

distribute the drugs.

16.    Norwood was previously convicted in the State of Michigan

for drug trafficking offenses in 1997. He served approximately 4 years

in prison. Norwood's criminal history also included a dismissed charge

of Felony Robbery in 1990, and a dismissed charge of Felony

Dangerous Drugs in 2006.

17.     On or about March 18, 2020, a group of law enforcement officers executed a state arrest warrant for Norwood at his home on Calvin Avenue, Grosse Pointe Farms, Michigan. Norwood did not answer the door and instead officers saw him run down into the basement. Norwood finally came to door as the officers were preparing to make entry. During a protective sweep of the home, officers observed materials and equipment used for processing cocaine.

18.     The officers subsequently acquired a search warrant and seized the following from the Calvin Avenue location, on March 18, 2020:

> a. three drug presses with powdery residue (suspected to be cocaine),
>
> b. a digital scale with powdery residue (suspected to be cocaine),
>
> c. a microwave oven and kitchenware with powdery residue (suspected to be cocaine),
>
> d. documents and records related to Comerica Bank Account #XXXXXX612, real estate and motor vehicle

sales documents, jewelry purchases with cash, safe

deposit box keys,

e. the three defendant *in rem* firearms, the defendant *in rem* ammunition, and defendant *in rem* firearm accessories,

f. the defendant *in rem* $155,000.00 cash, and other evidence.

A field test of the suspected cocaine residue was conducted giving positive results. Much of the drug equipment was in the basement of the Calvin Avenue location. The drug equipment was used to reprocess and repackage both powder cocaine and crack cocaine.

19.   Norwood was released on a personal recognizance bond in state court for his outstanding felony warrant.

20.   Based on drug trafficking activity observed of Norwood subsequent to his March 2020 release from custody, agents obtained search and seizure warrants for additional residences associated with Norwood, including again the Calvin Avenue location and the defendant *in rem* bank account funds.

21.   Agents obtained a federal seizure warrant for the account

related to Comerica Bank Account #XXXXXX6125, which they

executed on March 20, 2020. In compliance with the seizure warrant,

on May 15, 2020 Comerica Bank forwarded a cashier's check in the

defendant *in rem* amount of $754,693.81 representing the contents of

the account.

22.     Upon execution of a search warrant on June 30, 2020, the

following defendants *in rem* were seized from the Calvin Avenue

location:

      a. $64,980.00 U.S. Currency;

      b. $2,473.00 U.S. Currency;

      c. Assorted Jewelry, VL: $100,505.00;

      d. Assorted Jewelry, VL: $7,600.00.

23.     In addition to his drug trafficking activity, from at least

April 2016 through June 2020, Norwood conducted a money

laundering scheme involving several monetary transactions designed

to conceal and disguise that the property involved in those

transactions were proceeds or derived from proceeds of his drug

trafficking, a specified unlawful activity.

24.     During that time period, the Norwood sold cocaine and his

customers paid him in cash. Norwood used that cash to pay for and purchase property, including in the defendants *in rem* real properties located at 23264 Golf Run Lane, Macomb, Michigan, and 474 Calvin, Grosse Pointe Farms, Michigan.

25.    For example, Norwood took out a mortgage in his wife's name on 23264 Golf Run Lane in January 2016 from PrimeLending. Norwood made cash payments, derived from drug trafficking, on the mortgage for as much as $8,000 more than the monthly amount due. Norwood refinanced 23264 Golf Run Lane in April 2017 with Arvest Central Mortgage Company, again paying as much as $7,000 more than was due each month on that mortgage. Norwood refinanced the home again in November 2019 with SunTrust Bank. As part of that transaction, SunTrust Bank wired $226,334.79 to Norwood's account at Fifth Third Bank, which constituted the equity built up in the home from the cash overpayments.

26.    On December 6, 2018, NORWOOD purchased 474 Calvin Avenue, Grosse Pointe Farms, Michigan.  In doing so, he used Michigan Schools & Government Credit Union Corporate Draft (check) #882926 made payable to ATA National Title Group for $180,241.02.

Records related to this real estate transaction indicated Norwood

purchased 474 Calvin outright and did not use a mortgage lender.

27.    Norwood funded the check utilizing a series of complex

financial transactions. The funding was by cash drug proceeds layered

into different financial institutions that were later aggregated to fund

the check to purchases 474 Calvin outright.

28.    Norwood conducted the foregoing transactions to conceal

and disguise the nature and source of the proceeds from his drug

trafficking by making those proceeds appear to be profit from real

estate transactions. During the money laundering scheme, the

Norwood laundered at least $1.3 million in drug proceeds through this

and related financial transactions.

29.    In 2016, Norwood reported an income of $41,050.00, yet

made $100,000.00 in cash deposits into his bank account. For his 2018

State of Michigan Income Tax returns Norwood indicated an adjusted

gross income of $29,583.00. However between February 2019 to

February 2020, Norwood deposited more than $81,000.00 cash into his

bank account.

## **CLAIM**

30.   The United States hereby incorporates by reference, repeats and re-alleges each and every allegation set forth in Paragraphs 1 through 29, above.

31.   The Defendants *in rem* are to be forfeited to the United States of America under 21 U.S.C. § 881(a)(6) and/or 18 U.S.C. § 981(a)(1)(A), as property which was furnished, or was intended to be furnished, in exchange for a controlled substance; as proceeds traceable to such an exchange; and/or as monies or things of value which were used or were intended to be used to facilitate a violation of Title 21 of the United States Code and are, therefore, subject to seizure and civil forfeiture; and/or as property involved in a money laundering transactions, or attempted money laundering transactions, in violation of 18 U.S.C. §§ 1956(a) and 1957.

## **RELIEF**

Plaintiff, the United States of America, respectfully requests that Warrants of Arrest for the Defendants *in rem* be issued; that notice be given to all interested parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered

declaring that the Defendants *in rem* be condemned and forfeited to

the United States of America for disposition according to law; and that

the United States of America be granted such other further relief as

this Court may deem just and proper, together with the costs and

disbursements of this action.

                                Respectfully submitted,

                                DAWN N. ISON
                                United States Attorney

                                s/Gjon Juncaj
                                GJON JUNCAJ (P63256)
                                U.S. Attorney's Office
                                211 W. Fort Street, Ste. 2001
                                Detroit, MI 48226
                                (313) 226-0209
Dated: September 18, 2024       gjon.juncaj@usdoj.gov

## VERIFICATION

I, Brian N. Shock, state that I am a Task Force Officer with the

U.S. Drug Enforcement Administration.  I have read the foregoing

Complaint for Forfeiture and declare under penalty of perjury that the

facts contained therein are true and correct based upon knowledge

possessed by me and/or upon information received from other law

enforcement officers.

_____

Brian N. Shock, Task Force Officer
U.S. Drug Enforcement Administration

Dated: September 18, 2024